IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Cr. No. 99-60049-HO |
| v. | ) | ORDER |
| RONALD LEE BENNETT, | ) | |
| Defendant. | ) | |

Defendant was convicted of 14 counts which involved defrauding Selco Credit Union and making materially false statements to the Bank of California in relation to his used car business. Defendant exhausted his direct appeals then sought a new trial asserting newly discovered evidence pursuant to Fed. R. Crim. P. 33. Defendant's motion for a new trial was denied initially and on reconsideration. Defendant sought post conviction relief pursuant to 28 U.S.C. § 2255

and then purportedly under Fed. R. Crim. P. 48(b). Defendant now seeks post-conviction relief by filing a

> common law writ of error audita querela attacking the judgment that was correct when rendered but is now rendered infirm by matters arising after the judgment's rendition pursuant to the Supreme Court's recent decision held in <u>United States v. Booker</u>, 04-104; and <u>United States v. FanFan</u>, 04-105, on January 12, 2005."

Defendant asserts jurisdiction under the All Writs Act, 28 U.S.C. § 1651.[1] Defendant also seeks release pending resentencing.

A federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under 28 U.S.C. § 2255. <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079-80 (9th Cir. 2001). The common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief. <u>Id</u>. at 1079. Audita querela is not available even in light of the fact that defendant is precluded from raising his claims in a section 2255 motion by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, tit. I, § 105, 110 Stat. 1214, 1220 (AEDPA), that limit the rights of a prisoner to file a second or successive motion.

> A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction

---

[1] Defendant has filed a separate pleading in which he requests this court not to recharacterize his motion as seeking relief under 28 U.S.C. § 2255. Defendant has already sought relief pursuant to 28 U.S.C. § 2255 and has not obtained Ninth Circuit authorization to file a successive petition.

> remedies that must be filled by the common law writs. See Kimberlin, 675 F.2d at 869; see also In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred), cert. denied, 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).

Id. at 1080.

Defendant asserts the court calculated his sentence incorrectly because it applied the guidelines as mandatory rather than as advisory and because the court enhanced his sentence utilizing factors not found by a jury beyond a reasonable doubt. In this case, defendant's proper avenue of attack of his sentence is by way of a section 2255 petition which serves to correct constitutional sentencing errors post-conviction. The fact that defendant has failed to obtain authorization to file a successive petition does not create a gap necessitating resort to audita querela. Moreover, the Supreme Court has not made the Booker and Fanfan decisions retroactive to cases on collateral review. Accordingly, defendant's request for a writ of error audita querela is denied.

## CONCLUSION

For the reasons stated above, defendant's request for a "writ of error audita Querela" (#256) is denied. In addition, defendant's

3 - ORDER

motion for release pending resentencing (#257) is denied and this proceeding is dismissed.

DATED this 14th day of April, 2005.

_____
United States District Judge