IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Cr. No. 99-60049-HO |
| v. | ) | ORDER |
| RONALD LEE BENNETT, | ) | |
| Defendant. | ) | |

Defendant was convicted of 14 counts which involved defrauding Selco Credit Union and making materially false statements to the Bank of California in relation to his used car business. Defendant exhausted his direct appeals then sought a new trial asserting newly discovered evidence pursuant to Fed. R. Crim. P. 33. Defendant's motion for a new trial was denied initially and on reconsideration. Defendant sought post conviction relief pursuant to 28 U.S.C. § 2255

and then purportedly under Fed. R. Crim. P. 48(b). Defendant then sought post-conviction relief by filing a

> common law writ of error audita querela attacking the judgment that was correct when rendered but is now rendered infirm by matters arising after the judgment's rendition pursuant to the Supreme Court's recent decision held in United States v. Booker, 04-104; and United States v. FanFan, 04-105, on January 12, 2005."

That petition was denied and defendant has filed a notice of appeal regarding that denial.

Defendant again filed a writ audita querela (#264), challenging the restitution formula utilized by the court as a violation of the Ex Post Facto clause of the United States Constitution. The court denied the motion because a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under 28 U.S.C. § 2255. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001). The common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief. Id. at 1079. Defendant sought reconsideration of the denial of the motion arguing that because non-custodial issues are not cognizable under 28 U.S.C. § 2255, the court should review the restitution issue under extraordinary writs such as audita querela. The court granted the motion noting that there is discussion by other courts suggesting the use of extraordinary writs such as coram nobis in such circumstances. See, e.g., Kaminski v. United States, 339 F.3d 84, 89-91 (2nd Cir. 2003).

The government has responded noting that defendant has not filed coram nobis motion, rather he has filed an audita querela motion. The government correctly notes that the writ of audita querela permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment, see <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2000). In his motion, defendant argues that the restitution order was invalid at the time it was made. Thus, the writ of audita querela is not an appropriate vehicle for the relief defendant seeks.[1]

## CONCLUSION

As previously ordered, defendant's motion for reconsideration (#269) is granted. Upon reconsideration, the court's order denying defendant's request for a writ of error audita querela (#264) is affirmed and this proceeding is dismissed.

DATED this 16th day of August, 2005.

_____
United States District Judge

---

[1] Defendant has not yet sought a writ of coram nobis and the court expresses no opinion as to whether such writ is available to challenge a non-custodial provision of a sentence while the petitioner is still technically in custody.

3 - ORDER